East'n District.
*Jan.* 1824.

DREUX
*vs.*
HIS CREDITORS'

—◦◦◦—

### HODGE vs. MORGAN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The only question of importance in this cause, is, whether a sale made by the firm of Bargeber, Oemichen & co. lately trading in this city, to the plaintiff Hodge, is fraudulent, and void against other creditors.

The act was passed before a notary, and it expresses that the vendors being indebted to

The record of a suit against a debtor in which judgement was rendered for an intervening creditor is sufficient proof of the said creditors claim.

The conveyance which gives all the property of a debtor to a single creditor

East'nDistrict.
Jan. 1824.

HODGE
vs.
MORRAN

who has no pre-
ference by law
is fraudulent,
both on the part
of the debtor &
the creditor.

If such con-
veyance is at-
tacked as frau-
dulent, it is for
the vendee to
shew that the
debtor posses-
sed other pro-
perty.

the petitioner in the sum of $17,500, on ac-
count of his acceptance of their drafts, and for
cash advanced, sell, assign, and set over to him
"all and singular their present stock of dry
goods, outstanding debts, and all *their other
goods and chattels of whatever nature and kind
in this city, or wherever else the same may be.*"

It is proved by the evidence taken and on
file in the cause, that those goods were worth,
at cost prices, from twenty to thirty thousand
dollars: the amount of the book debts is not
stated, one of the witnesses declares them to be
considerable.

It is also established that after the sale, the
vendee went into the store and that the goods
were sold in his name, and the bills of parcels
made out accordingly. But, that at the same
time, Oemichen, one of the vendors, also re-
mained there, that the sign of the vendors was
not taken down, and that of the vendee put up
for more than two months after the convey-
ance—that no notice was given of the change
in the public gazette, and that persons who
were living near to the residence of the parties
were not aware that Hodge had become own-
er of the store until he put his sign announcing
himself as such.

On behalf of the plaintiff it has been urged that the intervening creditor has not made proof of his debt, and that he has no authority to demand a rescission of the sale. The only evidence of this fact is the record of a suit against the debtor, in which judgement was rendered in favor of Hatterick, Lee & co· This however we are inclined to believe sufficient.— It is true, it is a judgement between others, but the rule of *resinter alios acta non nocet*, which the plaintiff has pressed on us as applicable, proves too much in this case. For if he cannot be affected by the judgement, because he was not a party to it, it would follow that he could not be effected by any other act of his debtor, not even by his contracting the debt. Febrero states that the confession of the debtor is evidence against other creditors, when *other circumstances* concur with it, and upon this principle we acted in the case of Planters Bank & al. vs Lanusse. We think the judgement rendered contradictorily with the debtor satisfys this provision, more particularly as the party now contending it, had notice of it, and did not, by the pleadings, put the creditor on the proof of it verity. 12 *Martin,* 157. *Febrero juico de concurso, Lib. 3, Cap. 3,*§1. *no.*34.

HODGE
*vs.*
MORGAN

In support of the conveyance made to the plaintiff, we h ve been refered to the 9th law of the 15th title of the 5th Partida, in which it is stated that a man who has many creditors may prefer one of them to the others: that altho *the remaining property* shoul not be sufficient, yet the payment will be good. This law evidently contemplates a very different case from that before us, for it speaks of *remaining property*: here, if we understand right, the sale is atta ked because all was given to one, and nothing was left for the others, and it is the very circumstance that nothing remains, which has been offered as proof of fraudulent intent in the parties to it.

The property of the debtor is the common pledge of his creditors, and each have a right to an equal share of it, unless some of them possess privileges or mortgages, and altho the debtor before failure, may do many acts which will prevent the principal in having its full effect, we are clear, the conveyance which gives all that property to a single creditor, who has no preference by law is fraudulent on the part of the debtor, We think it is equally so on the part of the creditor, he knows he is leaving nothing for others, and that he is

East'nDistrict.
*Jan.* 1824.

HODGE
*vs.*
MORGAN

rendering the debtor insolvent by the transaction. The right of all the creditors to be equally paid out of the property of the debtor is as great on *actual* as *declared* insolvency, and when both parties to a conveyance intended to give a preference to a creditor, knowing this fact we are of opinion that the alienation may be avoided on the demand of any person to whom the vendor stood indebted at the time.

What evidence will be sufficient to bring this knowledge home to the creditor in ordinary cases, we cannot say, each must depend on its own circumstances. In that now before us it has been proved to our entire satisfaction, that the plaintiff knew the debtors were insolvent, and that he took a conveyance from them of all their property, in order to give himself a preference and defeat all other creditors, and this we are satisfied he had no right to do. The transaction is entirely different from that of a debtor prefering one creditor to an other, by making a payment in the usual course of business.

In the case of Kenney vs. Dow, to which we have been referred, the terms of the act of sale did not convey to the mind the same idea of those used in this. The vendor sold "his

East'n District:
*Jau.* 1824.

HODGE
*vs.*
MORGAN

interest in a grocery store, in a certain street, with the debts due him in that establishment— here the sellers alienate all their goods, chattels, and effects of every kind, both in this city and elsewhere, and all their outstanding debts. It has been said that the party seeking to avoid this act, has not shewn that the conveyance embraced all the vendors property—that they may have owned real estate. But if the fact is, that they did not, the creditor could not prove a negative, and if they did, the vendee should have shewn it for he had the affirmative of the proposition and the proof must have been within his power.

It has been suggested that if this sale is to be avoided, on account of insolvency, the creditors who have issued execution, should not be permitted to sell the debtors property, as by these means they obtain the preference, which they complain of as unjust, when extended to others. We do not see, as the parties now stand before us, how we can take this into consideration, or how we can give relief, we cannot order a *concurso* of the creditors, so as to do justice between all interested. If any thing should have occurred, since this action commenced, which renders it necessary for all the

creditors to go before a tribunal for the classi- <span style="float:right">East'n. District<br>*Jan.* 1824.</span>
fication and payment of their debts, relief must
be obtained on other allegations and proof,
than those now before us.

It is therefore ordered, adjudged, and de-
creed, that the judgment of the district court
be affirmed, with costs..

*Maybin & Hennen* for the plaintiff, *Liver-
more* for the defendant.